IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID D. ADAMS, et al.          :
                                :
v.                              :   Civil No. WMN-00-2873
                                :
HOUSING AUTHORITY OF            :
     BALTIMORE CITY, et al.     :

**MEMORANDUM**

    Plaintiffs in this action are officers employed in the police department of Defendant Housing Authority of Baltimore City.  This case was filed in September of 2000 and, after two amended complaints, presented the Fair Labor Standards Act claims of 62 individual Officers.  The record reveals that Plaintiffs' counsel has experienced considerable difficulty in complying with the discovery demands related to the claims of these 62 officers, and Plaintiffs' discovery responses have been the subject of several discovery motions.  Magistrate Judge Bredar, to whom the discovery disputes in this action were referred, has recently issued an order sanctioning Plaintiffs and awarding Defendants $882.00 on the basis of deficiencies in discovery responses.  Another motion for sanctions is currently pending, based upon allegations of continued deficiencies.

    On June 21, 2002, Judge Bredar also issued a Report and Recommendation in which he recommended that the claims of five of



the Plaintiffs be dismissed, with prejudice, on the basis of their complete failure to respond to discovery. Paper No. 47. Plaintiffs have filed no objection to Judge Bredar's Report and Recommendation, and the time for having done so has passed. For the reasons stated by Judge Bredar, the Court will order the dismissal of the claims of those five individuals: David Adams, Lisa Cornish, Theo Fleet, Michelle Holmes and Andrew Middleton.

Also before the Court are Plaintiffs' Third, Fourth, and Fifth Motions to Amend Complaint. Paper Nos. 35, 41, 50. The purpose of these motions is to add an additional 29 Plaintiffs to this action. The Court will deny these motions, however, so that this action can proceed as expeditiously as possible as to the claims of the Plaintiffs that are currently joined. In reaching this conclusion, the Court is guided by the fact that dispositive motions are due shortly, on August 15, 2002.[1] While Plaintiffs represent that the addition of new plaintiffs would not cause undue delay, as they have already completed answers to interrogatories patterned after the interrogatories propounded on the existing Plaintiffs, experience would teach that discovery concerning the claims of these 29 new Plaintiffs is unlikely to be so quickly completed. As Judge Bredar observed, Plaintiffs' counsel seems unable "to digest the task created by Plaintiffs'

---

[1] Defendant's motion, in fact, was filed on August 5, 2002.

[current] action." Paper No. 48 at 1.

For these reasons, the Court will deny the motions to amend. A separate order will issue.

                                                            _____
                                                            William M. Nickerson
                                                           Senior United States District Judge

Dated: August 8, 2002