IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID D. ADAMS, et al., | * |
|     Plaintiffs | * |
| v. | * |
| |    Civil Action No.:  WMN-00CV2873 |
| HOUSING AUTHORITY OF<br>  BALTIMORE CITY, et al., | * |
| | * |
|     Defendants | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT</u>

Defendants, by and through their attorney, John R. Kaye, submit this Memorandum in Support of Defendant's Motion for Partial Summary Judgment, and respectfully requests that the Court grant partial judgment in their favor for the reasons set forth below:

## I.   PROCEDURAL BACKGROUND

The Plaintiffs filed this action on September 23, 2000, alleging that the Defendants had violated the Fair Labor Standards Act and the Maryland Wage and Hour Law by failing to pay them earned overtime wages each work week because they had not been credited for working through their meal breaks and because they had not been credited for having attended 15 minute roll calls before the start of their shifts each day.

On March 31, 2003, the Court granted partial summary judgment for the Defendants.  Specifically, the Court dismissed all claims by all Plaintiffs under the Fair Labor Standards Act.  The Court also dismissed the State law claims of several other

plaintiffs (Mary Baumeister, Marvin Bossard, John Fitch, Joseph Gorsuch, Leonard Tennessee and Kevin Warren), concluding that as Sergeants and Lieutenants, they had served as exempt employees in accordance with the Maryland Wage and Hour Law during the entire period of the Complaint. The Court also dismissed the claims of Plaintiffs Cheryl Blue and Cynthia Potter, as a result of their failure to comply with discovery orders. Finally, the Court dismissed Plaintiff Jerry McClairn because he did not maintain that he had been required to participate in pre-shift roll calls nor did he claim that he had been required to work during his meal breaks. As a result of the Court's ruling, forty-eight plaintiffs survive, all of whom claim they are due overtime compensation under the Maryland Wage Act.

## II.  THE NATURE OF THE REMAINING PLAINTIFFS' CLAIMS

The remaining forty-eight Plaintiffs, all members of the HABC Police Force at various times during the period governing this Complaint (September 23, 1997 through March 25, 2001), maintain that the Defendants failed to provide them with overtime pay in violation of the Maryland Wage and Hour Law, MD. Code Ann., [Labor and Employment], §§ 3-401, et. seq. Specifically, the Plaintiffs allege that they regularly work 41.25 hours per week because: (1) They are required to attend a fifteen minute pre-shift roll call each work day, and (2) work during their non-paid 30 minute meal breaks each day. Paragraphs **13-18, of the Plaintiffs' Complaint.**

In Paragraphs 12-21 of their Complaint, the remaining Plaintiffs claim that contrary to Defendants' position that the Plaintiffs work 7.5 hours a day, five days a week (37.5 hours per week), they actually regularly worked 8.25 hours per day (41.25 hours per week) because until March 26, 2001, they attended a fifteen minute pre-shift roll call

each work day without compensation, and they also worked during their meal periods. Thus, according to the remaining Plaintiffs, HABC has unlawfully failed to pay them 1.25 hours of overtime each week in violation of the Maryland Wage and Hour Law.

The Defendants counter that the Plaintiffs do not work during their meal breaks and in accordance with the Maryland Wage and Hour Law, their meal breaks do not constitute compensable work time. Furthermore, the Defendants continue to maintain that notwithstanding the Plaintiffs' allegations, sixteen of the remaining forty-eight Plaintiffs were not required to attend daily pre shift roll calls at any time during the period governing the Complaint and thus, are not entitled to compensation based upon their claimed participation at daily "pre-shift roll calls".[1]

As will be discussed further in this Memorandum, four of the remaining Plaintiffs held supervisory and executive positions as Sergeants with HABC during substantial periods governing the Complaint and are not due overtime for the period of time that they served in these exempt positions.

In addition, as will be discussed further in this Memorandum, nineteen of the remaining Plaintiffs did not attend pre-shift roll calls during substantial periods of the Complaint because they were not working at HABC and/or because they had their police powers suspended for substantial periods of time. While their police powers were suspended these Plaintiffs were all placed on administrative duties and did not attend pre-shift roll while their police powers were suspended.

---

[1] In its March 31, 2003 ruling, the Court determined that the sworn statements of these 16 Plaintiffs sufficiently challenged the Defendants' evidence that these 16 Plaintiffs had not been required to attend daily mandatory roll calls fifteen minutes before the start of their shifts during the time covering the Complaint. Consequently, the Court denied the Defendants' motion to dismiss the overtime claims of these 16 Plaintiffs. The Defendants will establish the truth of their claim at trial and pursuant to the Court's ruling, the Defendants will request sanctions at that time.

### III. **FACTUAL BACKGROUND**

A. FOUR OF THE REMAINING PLAINTIFFS SERVED AS EXEMPT EMPLOYEES DURING SUBSTANTIAL PERIODS GOVERNING THIS ACTION.

The Plaintiffs' claims of owed overtime compensation are limited to the time period beginning September 23, 1997 (three years prior to the time they filed the initial Complaint) and ending on March 26, 2001(the date that the HABC Police Force terminated all pre-shift roll calls). Consequently, the Plaintiffs' claims involve a total of 182 workweeks of alleged unpaid 1.25 hours of overtime compensation.[2]

Section 3-403(a)(1) of the Maryland Wage and Hour law, exempts employees employed in a bona fide executive, administrative, or professional capacity from the overtime requirements of the Act. In accordance with well established HABC Policy, those members of the HABC Police Force, holding the positions of Sergeant, Lieutenant, Major or Chief, are all salaried, supervisory and executive personnel, earning much more than $250.00 per week and are all classified as exempt.

---

[2] The Plaintiffs' overtime claims rest on their allegations that for each 7 day work period ("workweek"), each Plaintiff was required to work 8.25 hours each day for the five working days of each workweek (41.25 hours each workweek). This calculation results from their claims that each plaintiff was required to work 30 minutes during his/her daily meal break and because each remaining plaintiff was required to attend mandatory daily pre-shift roll calls, fifteen minutes before the start of each plaintiff's shift. The first actionable date for the Complaint, September 23, 1997, fell on a Tuesday and that workweek ended on Friday, September 26, 1997. Thus, even if each Plaintiff had been required to work the alleged 8 hours 15 minutes for each of the four actionable days in that workweek, none of them could be due more than 3 hours more (45 minutes each day x 4 days) than the 37.5 hours they were already credited for that workweek. Consequently, even if they were to prevail in their claims, the most any remaining Plaintiff could recover for unpaid overtime for the workweek ending on September 26, 1997 would be ½ hour. The first workweek for which any remaining Plaintiff could recover the claimed 1.25 hours of weekly unpaid overtime is the workweek which ended on Friday, October 3, 1997 (week 1). The final workweek for which any could recover 1.25 hours of overtime is the workweek which ended on Friday, March 23, 2001 (Week 182). After March 23, there were only two more days (Saturday 3/24/03 and Sunday 3/25/03) in which any remaining Plaintiff could have attended a pre-shift roll call because HABC disbanded all pre-shift roll calls, effective March 26, 2001. Thus, no Plaintiff could recover more than ½ hour of unpaid overtime for the week ending March 30, 2001. See the Calendar submitted with this Memorandum as **Exhibit 1.**

In its ruling of March 31, 2003, the Court dismissed seven supervisory Plaintiffs holding that they were exempt under the Maryland Wage and Hour Law and stated that Sergeants Alistair Dais, Steven Evans, Gregory House and Delford Jimmerson were also exempt during such time of the Complaint that they served in such exempt positions.

In his initial Affidavit, Supplemental Affidavit and his Second Supplemental Affidavit (submitted with this Memorandum), Chief Bunch established that those holding the position of Major and Sergeant at the HABC Police Force amply satisfy the requirements of exempt employees under both the FLSA and the Maryland Wage and Hour Law.  See, ¶¶ 6-17, Second Supplemental Affidavit of Chief Bunch.

For the reasons set forth in the Defendants Memorandum in Support of their Motion for Summary Judgment, the Defendants' Memorandum in Reply to the Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, the Affidavit of Chief Bunch, the Supplemental Affidavit of Chief Bunch, and the Court's Order of March 31, 2003, these four Plaintiff Sergeants, like the Sergeants previously dismissed, were employed in a bona fide executive and/or administrative capacity and were exempt from the overtime requirements in accordance with the Maryland Wage and Hour Law during the time that they served in such exempt positions.

1.   Sergeant Alistair Dais

On December 22, 1998, Alistair Dais was promoted to the position of Sergeant with the Housing Authority of Baltimore City Police Force.  As a result of this promotion, Plaintiff Dais began to perform as an exempt employee and remained exempt throughout the duration of the Complaint.  Consequently, Plaintiff Dais is not entitled to overtime compensation from December 22, 1998 through March 25, 2001. Second Supplemental

Affidavit of Chief Bunch, ¶¶ 2, 6-17 and Exhibit A. Thus, Plaintiff Dais is not entitled to the overtime for a period of **116 workweeks** out of the 182 workweeks covering the Complaint (workweek beginning Saturday, December 19, 1998 [week 65] through the workweek ending Friday, March 23, 2001 [week 182].

### 2.   Sergeant Steven Evans

Plaintiff Steven Evans was promoted to Sergeant on June 21, 1998. As a result of his promotion, Plaintiff Evans began to perform as an exempt employee on that date, and he continued performing as an exempt employee throughout the duration of the period governing the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶¶ 3, 6-17 and Exhibit B. Consequently, Plaintiff Evans is not entitled to overtime compensation from June 21, 1998 through March 25, 2001 (**142 workweeks** of the 182 workweeks governing the Complaint.

### 3.   Sergeant Gregory House

Plaintiff Gregory House was also promoted to Sergeant on December 22, 1998. As a result of his promotion, Plaintiff House began to perform as an exempt employee on that date and he continued performing as an exempt employee throughout the duration of the period governing the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶¶ 4, 6-17 and Exhibit C. Consequently, Plaintiff House is not entitled to overtime compensation for **116 workweeks** out of the 182 workweeks governing the Complaint (workweek 65, beginning December 19, 1998 through the end of the workweek 182, ending Friday, March 23, 2001).

### 4.  Sergeant Delford Jimmerson

Plaintiff Delford Jimmerson (like Plaintiffs Dais and House) was promoted to Sergeant on December 22, 1998.  As a result of his promotion, Plaintiff Jimmerson began to perform as an exempt employee on that date and he continued performing as an exempt employee until he resigned from the HABC Police Force on February 22, 2001.  <u>Second Supplemental Affidavit of Chief Bunch, ¶¶ 5, 6-17 and Exhibits D & E</u>.  Thus, he is not entitled to overtime compensation from the date that he became a Sergeant through his last day of employment, February 22, 2001.  Consequently, he is not entitled to any overtime compensation from the first workweek beginning on December 19, 1998, through the end of workweek 182 (March 23, 2001).  Thus, Plaintiff Jimmerson is not entitled to overtime for **116 workweeks** out of the 182 workweeks governing the Complaint.

### B.  FIFTEEN PLAINTIFFS WERE NOT WORKING AT HABC DURING SUBSTANTIAL PERIODS OF THE 182 WEEKS GOVERNING THE COMPLAINT

### 1.  Trevor Britt

Plaintiff Trevor Britt terminated his employment with HABC on December 8, 2000.  <u>Second Supplemental Affidavit of Chief Bunch, ¶ 18 and Exhibit F.</u>  Consequently, he was not working at HABC during the final 15 workweeks of the 182 total workweeks governing the Complaint.  Consequently, he did not work overtime at HABC during these **15 workweeks** of the 182 workweeks.

### 2.  Derek Brooks

Plaintiff Derek Brooks did not join HABC until November 20, 1997.  Since, he was not employed with HABC during the first 8 workweeks of the Complaint, he is owed

7

no overtime compensation for the first 8 workweeks of the 182 workweeks of this Complaint. Second Supplemental Affidavit of Chief Bunch, ¶ 19 & Exhibit G.

Furthermore, at the time Derek Brooks joined the HABC Police Force on November 20, 1997, he was not commissioned as a Police Officer. Lacking the required police powers, he was assigned non-police (administrative) duties until he became a commissioned officer. As a non-police commissioned employee with the HABC Police Force, he did not attend pre-shift roll calls. Second Supplemental Affidavit of Chief Bunch, ¶ 20.

On February 27, 1998, Plaintiff Derek Brooks took leave from HABC and enrolled in the Police Training Program at the Prince George's Municipal Police Academy at Largo, Maryland. He completed his training course on September 17, 1998 and earned his Commission on that date. Thus, he was not working at HABC while he was attending the police academy from February 27, 1998 through September 17, 1998, a period of 34 workweeks. Second Supplemental Affidavit of Chief Bunch, ¶21 & Exhibit H.

In sum, since Derek Brooks did not join HABC until November 20, 1997, and since he did not perform police duties until September 18, 1998, he is not due any overtime for the first **51 workweeks** of the 182 workweeks governing the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶22.

### 3. Johnnie Brown

Plaintiff Johnnie Brown first joined the HABC Police Force on May 17, 1999. Since he was not yet working for the HABC Police Force for the first 85 workweeks of the 182 workweeks governing the Complaint, he was not due any overtime compensation from

8

HABC for these first **85 workweeks.** Second Supplemental Affidavit of Chief Bunch, ¶23 & Exhibit I.

### 4.  Charles Earle

Charles Earle took leave from the HABC Police force from April 30, 1998 through October 5, 1998, due to injuries he sustained in an automobile accident, a period comprising 24 workweeks. In addition, Charles Earle terminated his employment with HABC on August 9, 2000.  Consequently, he was not working at HABC during the final 32 workweeks of the 182 workweeks of the Complaint.  Thus, Charles Earle did not perform any overtime for **56 workweeks** of the 182 workweeks of the Complaint. Second Supplemental Affidavit of Chief Bunch,¶¶ 24-25 & Exhibits J,K & L.

### 5.   Anthony Grant

Plaintiff Anthony Grant did not join HABC until September 21, 1998.  Since, he was not employed with HABC during the first 51 workweeks of the Complaint, he did not work any overtime for HABC during the first 51 workweeks of the 182 workweeks covering the Complaint.

Furthermore, at the time Anthony Grant joined the HABC Police Force on September 21, 1998, he was not commissioned as a Police Officer.  Lacking the required police powers, he was assigned non-police (administrative) duties until he became a commissioned officer.   As a non-police commissioned employee with the HABC Police Force, he did not attend pre-shift roll calls.

On December 5, 1998, Plaintiff Anthony Grant took leave from HABC and enrolled in the Baltimore County Police Academy.   He completed his training course on May 27, 1999 and earned his Commission on that date. Thus, he was not working at

HABC while he was attending the police academy from December 5, 1998, through May 27, 1999, a period of 25 workweeks.

In sum, since Anthony Grant did not join HABC until September 21, 1998, and since he did not perform police duties until May 28, 1999, he is not due any overtime for these **87 workweeks** of the 182 workweeks of the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶¶ 26-29 and Exhibits M, N & O.

### 6. Joseph Green

Plaintiff Joseph Green was took leave from the HABC Police Force from August 15, 1997 through January 16th 1998, to attend the Police Academy sponsored by the Baltimore City Police Department in order to obtain his commission as a police officer. Consequently, Plaintiff Joseph Green was not working at HABC for the first **16 workweeks** of the 182 workweeks covering the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶30 & Exhibits P & Q.

### 7. Joseph Herriott

Plaintiff Joseph Herriott took leave from HABC from September 21, 1998 through January 29, 1999. utilizing extended Family Medical and Emergency Leave. Since he was not working at HABC from September 21, 1998 through January 29, 1999, he did not work overtime due to pre-shift roll calls or for any other reason during these **19 workweeks.** Second Supplemental Affidavit of Chief Bunch, ¶31 and Exhibit R.

### 8. Roderick Jackson

Plaintiff Roderick Jackson did not join HABC until August 10, 1998. Since, he was not employed during the first 45 workweeks of the Complaint, he is owed no

overtime compensation for the first 45 workweeks of the 182 workweeks governing the Complaint.

Furthermore, at the time Roderick Jackson joined the HABC Police Force on August 10, 1998, he was not commissioned as a Police Officer. Lacking the required police powers, he was assigned non-police (administrative) duties until he became a commissioned officer. As a non-police commissioned employee with the HABC Police Force, he did not attend pre-shift roll calls.

On December 5, 1998 Plaintiff Roderick Jackson took leave from HABC to attend the Police Academy sponsored by the Baltimore City Police Department. He completed his training course on May 27, 1999 and earned his Commission on that date. Thus, he was not working at HABC while he was attending the police academy from December 5, 1998 through May 27, 1999, a period of 25 workweeks.

In sum, since Roderick Jackson did not join HABC until August 10, 1998, and since he did not perform police duties until May 28, 1999, he is not due any overtime for these **87 workweeks** of the 182 workweeks governing the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶¶ 32-34 and Exhibits S,T & U.

### 9.   Robert Jordan

Plaintiff Robert Jordan did not join HABC until July 27, 1998. Since, he was not employed during the first 43 workweeks of the Complaint, he is owed no overtime for the first 43 workweeks of the 182 workweeks governing the Complaint.

Furthermore, at the time Robert Jordan joined the HABC Police Force on July 27, 1998, he was not commissioned as a Police Officer. Lacking the required police powers, he was assigned non-police (administrative) duties until he became a commissioned

11

officer. As a non-police commissioned employee with the HABC Police Force, he did not attend pre-shift roll calls.

On August 10, 1998 Plaintiff Robert Jordan took leave from HABC to attend the Maryland Police Training Program to obtain his commission as a police officer. He completed his training course on December 18, 1998 and earned his Commission on that date. Thus, he was not working at HABC while he was attending the police academy from August 10, 1998 through December 18, 1998, a period of 19 workweeks.

In sum, since Robert Jordan did not join HABC until July 27, 1998, and since he did not perform police duties until December 19, 1998 he is not due any overtime for these **64 workweeks** of the 182 workweeks governing the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶¶ 36-39 and Exhibits V & W.

### 10.   Norman Kenny

Plaintiff Norman Kenny took leave from the HABC Police Force from August 15, 1997 through April 26th 1998, to attend the Police Training sponsored by the Maryland Police Training Commission in order to obtain his commission as a police officer. Consequently, Plaintiff Norman Kenny was not working at HABC for the first **30 workweeks** of the 182 workweeks covering the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶40 and Exhibit X.

### 11. Stanley McLean

Plaintiff Stanley McLean terminated his employment with HABC on December 5, 1997. He became re-employed with the HABC Police Force on March 23, 1998. Thus, he was not working at HABC during these 15 workweeks, he is not owed any overtime

12

for these **15 workweeks**.  Second Supplemental Affidavit of Chief Bunch, ¶41 and Exhibits Y & Z.

### 12. Christopher Reisinger

Plaintiff Christopher Reisinger did not join HABC until November 3, 1997.  Since he was not employed during the first 5 workweeks of the Complaint, he is owed no overtime compensation for the first 5 of the 182 workweeks of the Complaint.

Furthermore, at the time Christopher Reisinger joined the HABC Police Force on November 3, 1997, he was not commissioned as a Police Officer.  Lacking the required police powers, he was assigned non-police (administrative) duties until he became a commissioned officer.   As a non-police commissioned employee with the HABC Police Force, he did not attend pre-shift roll calls.

On February 27, 1998 Plaintiff Christopher Reisinger took leave from HABC to attend the Maryland Police Training Program at the Prince George's County Police Academy in Largo, Maryland to obtain his commission as a police officer.  He completed his training course on September 17, 1998 and earned his Commission on that date. Thus, he was not working at HABC while he was attending the police academy from February 27, 1998 through September 17, 1998, a period of 29 workweeks.

In sum, since Christopher Reisinger did not join HABC until November 3, 1997, and since he did not perform police duties until September 18, 1998, he is not due any overtime for these **51 workweeks** of the 182 workweeks governing the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶¶ 42-45 and Exhibits AA and BB.

### 13. John Ross

Plaintiff John Ross did not join HABC until April 20, 1998. Since, he was not employed during the first 29 workweeks of the Complaint, he is owed no overtime compensation for the first 29 workweeks of the 182 workweeks governing the Complaint.

Furthermore, at the time John Ross joined the HABC Police Force on April 20, 1998, he was not commissioned as a Police Officer. Lacking the required police powers, he was assigned non-police (administrative) duties until he became a commissioned officer. As a non-police commissioned employee with the HABC Police Force, he did not attend pre-shift roll calls.

On September 4, 1998, Plaintiff John Ross took leave from HABC to attend the Baltimore City Police Academy to obtain his commission as a police officer. He completed his training course on February 26, 1999 and earned his Commission on that date. He did not return to work at HABC until March 1, 1999. Consequently, he was not working at HABC while he was attending the police academy from September 4, 1998 through February 26, 1999, a period of 25 workweeks.

In sum, since John Ross did not join HABC until April 20, 1998, and since he did not perform police duties until March 1, 1999, he is not due any overtime for these **74 workweeks** of the 182 workweeks governing the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶¶ 46-49 and Exhibits CC, DD & EE.

### 14. Thomas Rouch (Dobry)

Plaintiff Thomas Rouch (Dobry) stopped coming to work at HABC on May 6, 2000. During his unauthorized absence, he was granted FMLA leave from June 28, 2000

through November 12, 2000. Since he was not working at HABC from May 6, 2000 through November 12, 2000, he did not work overtime due to his attendance at pre-shift roll calls (or for any other reason) during these 27 workweeks.

After returning to work sporadically in November 2000, the last time he appeared for work was on January 18, 2001. He did not work at any time between January 19, 2001 and March 26, 2001 (or even after that date). Thomas Rouch subsequently formally resigned his position on January 29, 2002. Thus, due to his continuous absence, he did not perform any work (overtime or otherwise) for HABC from January 19, 2001 through March 25, 2001, the final 9 workweeks of the Complaint.

As a result of his extended leave from May 6, 2000 through November 12, 2000, and the subsequent abandonment of his position in January 2001, Plaintiff Rouch did not perform any work (overtime or otherwise) for a period of **36 workweeks** of the 182 workweeks of the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶50 and Exhibits FF, GG, HH, II & JJ.

### 15. Elihu Rushdan

Plaintiff Elihu Rushdan did not join HABC until March 23, 1998. Since, he was not employed during the first 25 workweeks of the Complaint, he is owed no overtime compensation for the first 25 workweeks of the 182 workweeks governing the Complaint.

Furthermore, at the time Elihu Rushdan joined the HABC Police Force on March 23, 1998, he was not commissioned as a Police Officer. Lacking the required police powers, he was assigned non-police (administrative) duties until he became a

15

commissioned officer. As a non-police commissioned employee with the HABC Police Force, he did not attend pre-shift roll calls.

On May 15, 1998 Plaintiff Elihu Rushdan took leave from HABC to attend the Baltimore City Police Academy to obtain his commission as a police officer. He completed his training course on or about October 9, 1998 and earned his Commission at that time. Thus, he was not working at HABC while he was attending the police academy a period of some 21 workweeks.

In sum, since Elihu Rushdan did not join HABC until March 23, 1998, and since he did not perform police duties until he successfully completed his training at the Police Academy (on or about October 9, 1998), he is not due any overtime for these **54 workweeks** of the 182 workweeks governing the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶¶ 51-54 and Exhibits KK, & LL.

### C. THE POLICE POWERS OF FOUR PLAINTFFS WERE SUPSENDED FOR SIGNIFICANT PERIODS AND THEY WERE ASSIGNED ADMINISTRATIVE DUTIES DURING THESE LENGHTHY SUSPENSIONS

#### 1. Donald Brooks

On July 20, 1998, Plaintiff Donald Brooks was suspended from work without pay for 30 days. He returned to work on August 19, 1998. Consequently, from July 20, 1998 through August 18, 1998, he did not attend any pre-shift roll calls because he was not working at HABC during his month long suspension. Since he was not working during this time, he did not incur any overtime hours for these **5 workweeks** of the 182 workweeks covering the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶ 55 and Exhibit MM.

#### 2. Kenneth Dean

On November 25, 1999, Plaintiff Dean was involved in a police shooting and his police powers were again suspended on November 29, 1999.  During this suspension, he was placed on Administrative Duties (Communications) pending a full investigation of the matter.  On January 1, 2001, his police powers were reinstated and his administrative assignment was lifted.  During these 55 workweeks (November 29, 1999 through December 31, 2000), Plaintiff Dean did not attend pre-shift roll calls and thus, is not due the overtime claimed in his Complaint during this period.

Moreover, from October 2, 2000 through November 24, 2000 (while Plaintiff Dean was performing administrative duties), he took leave from HABC utilizing unpaid Family and Medical Leave ("FMLA").  Obviously he incurred no overtime while he was away on FMLA leave.

In conclusion, as a result of his having been placed on Administrative Duties between November 29, 1999 and  December 21, 2000 (55 workweeks), Plaintiff Dean is not due overtime as claimed for a total of **55 workweeks** of the 182 workweeks covering the Complaint.  <u>Second Supplemental Affidavit of Chief Bunch, ¶¶ 56 & 57 and Exhibits NN, OO & PP.</u>

### 3.  Patrick Rogers

As a result of internal charges instituted against Plaintiff Rogers, his police powers were suspended on September 14, 2000 and he was assigned to Administrative Duties (Communications).  His police powers remained suspended, and he continued to perform administrative duties without police powers throughout the duration of the time of the Complaint. (His police powers were ultimately reinstated to him on July 31, 2002, after he completed serving a 30 day suspension from work without pay).  Thus, from

September 14, 2000 through March 26, 2001 (the end of the Complaint), Plaintiff Rogers did not attend any pre-shift roll calls and consequently is not entitled to overtime compensation as alleged in the Complaint for the final **26 workweeks** of the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶ 58 and Exhibits QQ & RR.

### 4. Eric Slaughter

On February 6, 1998, Plaintiff Slaughter was involved in a domestic altercation and charges were brought against him. On February 9, 1998, as a result of the incident, Plaintiff Slaughter had his police powers suspended and he was assigned administrative duties for three days until February 12, 1998. On February 12, 1998, Plaintiff Slaughter was suspended from work without pay until March 17, 1998. After he returned to work from his suspension, he was assigned to perform administrative duties (communication) and his police powers remained suspended. He continued performing administrative duties until June 11, 1998, at which time his police powers were reinstated and he was relieved of his administrative detail.

In conclusion, as a result of his having been placed on Administrative Duties and as a result of his having been suspended from work, Plaintiff Slaughter did not perform any pre-shift roll calls between February 9, 1998 and June 11, 1998, a period of 18 workweeks. Consequently, Plaintiff Slaughter is not due overtime as claimed for these **18 workweeks** of the 182 workweeks covering the Complaint. Second Supplemental Affidavit of Chief Bunch, ¶¶ 59-60 and Exhibits SS, TT, UU & VV.

### VI.  CONCLUSION

For the reasons set forth above, four of the Plaintiffs served as exempt employees during the time periods described above and are not due overtime during the period that

18

they served as exempt employees. Nineteen Plaintiffs did not attend pre-shift roll calls during the time frames identified in this Memorandum, and are not entitled to the overtime compensation alleged for these workweeks. Wherefore, Defendants respectfully request that the Court grant partial summary judgment in favor of the Defendants and deny these 23 Plaintiffs the overtime as claimed for the specific workweeks identified in this Memorandum.

        Respectfully Submitted,


        _____/s/_____

        John R. Kaye, Senior Counsel
        Office of Legal Affairs-Housing Authority of Baltimore City
        36 South Charles Street, Suite 1515
        Baltimore, Maryland 21201
        (410) 545-7496
        Federal Bar No: 08546

        Attorney for the Defendants