IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID D. ADAMS, et al.,          *

     Plaintiffs               *

v.                        *

                           Civil Action No.:  WMN-00CV2873

HOUSING AUTHORITY OF       *
  BALTIMORE CITY, et al.,

                         *

     Defendants

                         *

*    *    *    *    *    *    *    *    *    *    *    *

**SECOND SUPPLEMENTAL AFFIDAVIT OF CHIEF HEZEKIAH BUNCH**

I, Hezekiah Bunch, being more than eighteen (18) years of age, and competent to testify, state that I have personal knowledge of the following:

1.  I am the Chief of Police for the Housing Authority of Baltimore City Police Force. "HABCPF" or the "HABC Police Force"). I have served as the Chief of HABC Police Force since March 1993.

2.  On December 21, 1998 Plaintiff Alistair Dais was promoted to the position of Sergeant with the HABC Police Force. As a result of his promotion, Plaintiff Dais began to perform the duties as a Sergeant on that date and continued serving as a Sergeant throughout the duration of the Complaint (March 26, 2001). Attached to this Affidavit, as **Exhibit A**, is a true and correct copy of the HABC personnel action form which accurately states that Plaintiff Dais became a Police Sergeant on December 21, 1998. This document is an official HABC record and is maintained by HABC in the regular course of its business and affairs.

3.  Plaintiff Seven Evan was promoted to the position of Sergeant with the HABC Police Force on June 27, 1998. As a result of his promotion, Plaintiff Evans began to

perform the duties of a Sergeant and continued to do so throughout the duration of the Complaint (March 26, 2001). Attached to this Affidavit as **Exhibit B**, is a true and correct copy of the HABC personnel action form which accurately states that Plaintiff Evans became a Police Sergeant on June 27, 1998. This document is an official record maintained by HABC in the regular course of its business and affairs.

4. On December 21, 1998 Plaintiff Gregory House was promoted to the position of Sergeant with the HABC Police Force. As a result of his promotion, Plaintiff House began to perform the duties as a Sergeant on that date and continued serving as a Sergeant throughout the duration of the Complaint (March 26, 2001). Attached to this Affidavit as **Exhibit C**, is a true and correct copy of the HABC personnel action form which accurately states that Plaintiff House became a Police Sergeant on December 21, 1998. This document is an official one, kept by HABC in the regular course of its business and affairs.

5. On December 21, 1998 Plaintiff Delford Jimmerson was promoted to the position of Sergeant with the HABC Police Force. As a result of his promotion, Plaintiff Jimmerson began to perform the duties as a Sergeant on that date and continued serving as a Sergeant until his resignation from HABC which occurred on February 22, 2001. Attached to this Affidavit as **Exhibit D**, is a true and correct copy of the HABC personnel action form which accurately states that Plaintiff Jimmerson became a Police Sergeant on December 21, 1998. This form is an official HABC record, kept by HABC within the regular course of its business and affairs. Also, attached to this Affidavit as **Exhibit E**, is a true and correct copy of the HABC personnel action form which accurately states that Plaintiff Jimmerson terminated his

employment with the HABC on February 22, 2001. This document is an official

HABC document, kept by HABC in the regular course of its business and affairs.

6. While serving as a Sergeants, Plaintiff Dais, Evans, House and Jimmerson were

classified as an exempt, salaried employees, earning much more than $250.00 per

week.

7. As Sergeants they performed in a supervisory control and command position with the

HABC Police Force. As Sergeants, each one performs perform executive, decision

making functions and customarily and regularly directs, monitors, supervises and

evaluates the work and performance of many HABC Police Force employees.

8. In accordance with HABC Policy, as Sergeants, the were not paid cash at the rate of

time and one-half for hours worked in excess of forty, each one was provided

compensatory time for overtime hours worked.

9. As Sergeants, each one of them expends more than 50% of his time performing

management/administrative duties for the HABC Police Force. During each work

day, HABC Sergeants are required to assess the needs of the Force for the day, and

determine the appropriate assignments for the officers under their command each day.

In particular, they are required to consider the number of available officers, the

problem areas within the Police Force jurisdiction each day, and then determine for

each location, how many officers will be assigned to those areas and which officers

shall be assigned to service those areas each day.

10. Each day, HABC Police Sergeants are required to monitor and manage the

performance of those officers under his command and to re-direct assignments as the

need arises. Each Sergeant is also required to monitor the whereabouts of each

member of the HABC Police Force under his command every work day and are

required to travel to patrol areas to ensure that HABC Police Officers are performing

their duties as required.  In the event that a Police Sergeant determines that any

officers are not complying with directives or policies of the HABC Police Force, they

are authorized to initiate disciplinary measures against those officers.

11.  At the end of each day, each Police Sergeant is required to ensure that all the

officers under his command return HABC Police Property in good condition and that

each one of his officers has fully completed and submitted required paper work

(including arrest papers and run sheets), as well as evidence obtained during the

course of their duties.   In the event that the Sergeant determines that the documents

submitted by the Police Officer are defective or incomplete, the Sergeant is required

to order the Police Officer to cure the defects and has the discretion to subject the

officer to discipline for such failures.

12.  In addition, Police Sergeants are required to sit on hiring panels to consider and

evaluate each applicant for employment with the HABC Police Force and they

together with the Police Majors and the Chief, propose policy changes and additions

to the Chief for his consideration and review.

13.  Each Police Sergeant is required to consistently evaluate the performance of all

those officers under his command and control and to perform formal performance

appraisals for each one of them at least two times each year.

14.  Police Sergeants are also required to determine whether overtime is required on the

part of any police officer under his command, and all overtime work performed by an

HABC Police Officer must be authorized by the officer's Police Sergeant.

15.  Police Sergeants also determine whether to grant a Police Officer's request for leave. In the event that a Police Sergeant determines that a Police Officer has engaged in leave abuse, the Sergeant has the discretion to deny the leave request.

16. Sergeants are required and authorized to represent the HABC Police Force at public meetings and spend substantial amounts of time doing so.

17. As described above, the primary duties of HABC Police Force Sergeants constitute management duties and both HABC Police Force Sergeants and Lieutenants expend more than 50% of their time performing the management duties described above.

18.  Plaintiff Trevor Britt terminated his employment with HABC on December 8, 2000. Attached to this Affidavit as **Exhibit F**, is a true and correct copy of the HABC personnel action form which accurately states that Plaintiff Britt resigned from the HABC Police Force on December 8, 2000.  This document is an official personnel record, maintained by HABC in the regular course of its business and affairs.

19.  Plaintiff Derek Brooks did not join HABC until November 20, 1997.  Attached to this Affidavit as **Exhibit G**, is a true and correct copy of the HABC personnel action form which accurately states that Plaintiff Brooks did not become employed with HABC until November 20, 1997.  This form is an official HABC personnel document, maintained by HABC in the regular course of its business and affairs.

20.  At the time Plaintiff Derek Brooks joined the HABC Police Force he was not commissioned as a Police Officer.  Lacking the required police powers, he was assigned to non-police (administrative duties) until he became a commissioned Officer.  As a non commissioned employee with the HABC Police Force, he did not attend pre-shift roll calls.

21.   On February 27, 1998, Plaintiff Derek Brooks took leave from HABC to attend the
      Police Academy at the Prince George's Municipal Police Academy at Largo,
      Maryland for the purpose of obtaining his commission as a police officer.  He
      completed his training on September 17, 1998 and earned his commission on that
      date.  Thus, he was not working at HABC while he was attending the Police
      Academy from November 20, 1997 through September 17, 1998.  Attached to this
      Affidavit, as **Exhibit H,** is a true and correct copy of the certification from the
      Maryland Police Training Commission which accurately states that Plaintiff Derek
      Brooks was attending the Police Academy between February 27, 1998 and September
      17, 1998.  The Certificate also states that Plaintiff Derek Brooks satisfied the
      minimum standards to become a commissioned police officer.  This Certificate is an
      official document kept by the HABC Police Force in its ordinary course of business
      and operations.

22.   Since Plaintiff Derek Brooks did not join HABC until November 20, 1997 and since
      he did not perform police duties until September 18, 1998, he did not attend pre-shift
      roll calls between September 23, 1997 and September 18, 1998.  Therefore, contrary
      to his claims, he did not report to work at the HABC Police Force 15 minutes before
      the start of his shift to attend daily pre-shift roll calls between September 23, 1997
      and September 18, 1998.

23.   Plaintiff Johnnie Brown did not join HABC until May 17, 1999.  Since he was not
      yet working for the HABC Police Force until that date, he did not work attend pre-
      shift roll calls at HABC at any time before May 17, 1999. Attached to this Affidavit
      as **Exhibit I**, is a true and correct copy of the HABC personnel action form which

6

accurately states that Plaintiff Johnnie Brown did not become employed with HABC

until May 17, 1999.    This form is an official HABC personnel record, maintained by

HABC in the regular course of its business and affairs.

24.   Plaintiff Charles Earle took leave from HABC on April 30, 1998 as a result of

serious injuries he sustained in an automobile accident.  He remained on leave until

October 5, 1998. Attached to this Affidavit as **Exhibits J and K** are true and correct

copies of HABC personnel documents.  Exhibit J is a letter from me to the Director of

Personnel requesting that employees be permitted to donate leave to Mr. Earle during

his absence from the HABC Police Force due to his injuries.  Exhibit K is an HABC

Labor Distribution Time Sheet which accurately indicates that on October 5, Plaintiff

Earle returned to work.  Exhibits J and K are documents held by HABC in the

ordinary course of its business and operations.

25.   Plaintiff Charles Earle subsequently terminated his employment with HABC on

August 9, 2000.  Attached to this Affidavit as **Exhibit L** is a true and correct copy of

Charles Earle's personnel action form which accurately states that Charles Earle

resigned from HABC on August 9, 2000.  This document is maintained by HABC in

its ordinary course of business and operations.

26.   Plaintiff Anthony Grant did not join HABC until September 21, 1998.

Consequently, he did not attend any pre-shift roll calls at HABC before September

21, 1998.  Attached to my affidavit, as **Exhibit M** is a true and correct copy of

Officer Grant's personnel action form which states that he first became employed at

HABC on September 21, 1998.  This personnel record is maintained by HABC in the

ordinary course of its business and affairs.

**27.** At the time Plaintiff Anthony Grant joined the HABC Police Force he was not

commissioned as a Police Officer.  Lacking the required police powers, he was

assigned to non-police (administrative duties) until he became a commissioned

Officer.  As a non commissioned employee with the HABC Police Force, he did not

attend pre-shift roll calls.

**28.**  On December 5, 1998, Plaintiff Anthony Grant took leave from HABC to attend the

Baltimore County Police Academy to obtain his commission as a police officer.  He

completed his training on May 27, 1999 and earned his commission on that date.

Thus, he was not working at HABC while he was attending the Police Academy from

December 5, 1998 through May 27, 1999.  Attached to this Affidavit, as **Exhibit N**, is

a true and correct copy of the memo advising Officer Grant that he was to report to

the Baltimore County Police Academy on December 5, 1998.  This memorandum is

maintained by HABC Police Force in its regular course of business and affairs.  Also

attached to my Affidavit, as **Exhibit O**, is a certification from the Baltimore County

Police Department which accurately states that Plaintiff Anthony Grant completed his

Police Academy training on May 27, 1999.  This certificate is an official record,

maintained by the HABC Police Force in its ordinary course of business and

operations.

**29.**  Since Plaintiff Anthony Grant did not join HABC until September 21, 1998 and

since he did not perform police duties until May 28, 1999, he did not attend pre-shift

roll calls between September 23, 1997 and May 28, 1999.  Therefore, contrary to his

claims, he did not report to work 15 minutes before the start of his shift to attend daily

pre-shift roll calls between September 23, 1997 and May 27, 1999.

30. Plaintiff Joseph Green took leave from the HABC Police Force from August 15, 1997 through January 16th 1998, to attend the Baltimore City Police Academy in order to obtain his commission as a police officer. Consequently, Joseph Green did not attend HABC Police Force pre-shift roll calls while he was away at the Police Academy. Attached to my Affidavit as **Exhibit P,** is a true and correct copy of the memo from me advising that Officer Joseph Green would begin attending the Baltimore City Police Academy on August 15, 1997. This memorandum is maintained by the HABC Police Force in its regular course of business. Also attached to my Affidavit, as **Exhibit Q** is a certification from the Baltimore City Police Department which states that Plaintiff Joseph Green completed his Police Academy training on January 16, 1998. This certificate is an official document maintained by the HABC Police Force in its ordinary course of business and operations.

31. Plaintiff Joseph Herriott took Family Medical and Emergency Leave ("FMLA") from HABC from September 21, 1998 through January 29, 1999. Since he was not working at HABC during this time, he did not work overtime due to pre-shift roll calls or any other reason between September 21, 1998 and January 29, 1999. Attached to my Affidavit, as **Exhibit R** is a copy of the letter from the HABC Director of Personnel notifying Joseph Herriott that he had been approved for his extended FMLA from September 21, 1998 through January 29, 1999. This notice is an official personnel notice, maintained by HABC in the ordinary course of its business and operations.

32.  Plaintiff Roderick Jackson did not join HABC until August 10, 1998.  Since he was not employed with HABC in September 1997, he is owed no overtime from September 23, 1997 until August 10, 1998.  Attached to this Affidavit as **Exhibit S** is a true and correct copy of Roderick Jackson's personnel action form. This document accurately states that Plaintiff Roderick Jackson did not become employed with HABC until August 10, 1998.  This form is an official HABC personnel form and is kept by HABC within the regular course of its business and affairs.

33.  At the time that Roderick Jackson joined the HABC Police Force on August 10, 1998, he was not commissioned as a police officer.  Lacking the required police powers, he was assigned to non-police (administrative) duties until he became a commissioned officer.  As a non-commissioned police employee with the HABC Police Force, he did not attend pre-shift roll calls.

34.  On December 5, 1998, Plaintiff Roderick Jackson took leave from HABC to attend the Baltimore County Police Academy in order to obtain his commission.  He completed his training at the academy on May 27, 1999 and earned his commission on that date.  Thus, he was not working at HABC while attending the police academy from December 5, 1998 through May 27, 1999. Attached to this Affidavit, as **Exhibit T,** is a true and correct copy of the memo which states that Roderick Jackson would begin his training at the Police Academy on December 5, 1998.  Also attached to my affidavit as **Exhibit U**, is a true and correct certification from the Baltimore County Police Department that states that Plaintiff Roderick Jackson completed his Police Academy training on May 27, 1999.  These documents are official ones kept by the HABC Police Force in its ordinary course of business and operations.

35.  Since Plaintiff Roderick Jackson did not join HABC until August 10, 1998, and since he did not perform police duties until May 28, 1999, he did not attend pre-shift roll calls between September 23, 1997 and May 28, 1999.  Therefore, contrary to his claims, he was not required to report to work 15 minutes before the start of his shift to attend daily pre-shift roll calls between September 23, 1997 and May 27, 1999.

36.  Plaintiff Robert Jordan did not join HABC until July 27, 1998.  Since he was not employed before that date, he did not attend any pre-shift roll calls between September 23, 1997 and July 26, 1998. Attached to this Affidavit as **Exhibit V** is a true and correct copy of Robert Jordan's personnel action form. This document states that Plaintiff Robert Jordan did not become employed with HABC until July 27, 1998.  This form is an official HABC personnel document, maintained by HABC in the regular course of its business and affairs.

37.  At the time that Robert Jordan joined the HABC Police Force on July 27, 1998, he was not commissioned as a police officer.  Lacking the required police powers, he was assigned to non-police (administrative) duties until he became a commissioned officer.  As a non-commissioned police employee with the HABC Police Force, he did not attend pre-shift roll calls.

38.  On August 10, 1998, Plaintiff Robert Jordan took leave from HABC to attend the Maryland Police Academy in order to obtain his commission.  He completed his training at the academy on December 18, 1998 and earned his commission on that date.  Thus, he was not working at HABC while attending the police academy from August 10, 1998 through December 18, 1998. Attached to this Affidavit, as **Exhibit W,** is a true and correct copy of the Certification from the Maryland Police Training

Commission which states that Robert Jordan attended the Police Academy from

August 10, 1998 through December 18, 1998 and that he successfully completed his

training on December 18, 1998.  This document is an official one kept by the HABC

Police Force in its ordinary course of business and operations.

39.  Since Plaintiff Robert Jordan did not join HABC until July 27, 1998, and since he

did not perform police duties until December 19, 1998, he did not attend pre-shift roll

calls between September 23, 1997 and December 18, 1998.  Therefore, contrary to his

claim, he was not required to report to work 15 minutes before the start of his shift to

attend daily pre-shift roll calls between September 23, 1997 and December 18, 1998.


40.  Plaintiff Norman Kenny took leave from the HABC Police Force from August 15,

1997 through April 26th 1998, to attend the Maryland Police Academy in order to

obtain his commission as a police officer.  Consequently, Norman Kenny was not

working at HABC from September 23, 1997 through April 26th 1998 and did not

attend daily pre-shift roll calls at the HABC Police Force during that time.  Attached

to my Affidavit as **Exhibit X**, is a true and correct copy of Norman Kenny's

certification from the Maryland Police Training Commission, stating that Norman

Kenny was attending the Police Academy from August 15, 1997 to April 26, 1998

and successfully completed the requirements to obtain his certification.  This

certification is a record which is maintained by the HABC Police Force in its ordinary

course of business and affairs.

41.  Plaintiff Stanley McLean terminated his employment with HABC on December 5,

1997 and did not become re-employed with the HABC Police Force until March 23,

1998.  Since he was not working for the HABC Police Force between December 6, 1997 and March 22, 1998, he did not attend daily pre-shift roll calls with the HABC Police Force during this time.  Attached to my Affidavit as **Exhibits Y and Z**, are true and correct copies of HABC personnel action forms which state that Stanley McLean terminated his employment with HABC on December 5, 1997 and returned to HABC on March 23, 1998.  These personnel records are maintained by HABC in its ordinary course of business and affairs.

42.  Plaintiff Christopher Reisinger did not join HABC until November 3, 1997.  Since he was not employed with HABC before November 3, 1997, he did not attend daily pre-shift roll calls between September 23, 1997 and November 2, 1997.  Attached to my affidavit as **Exhibit AA**, is a true and correct copy of the personnel form which accurately states that Christopher Reisinger first joined HABC on November 3, 1997.  This personnel document is a record which is maintained by HABC in its ordinary course of business and operations.

43.  At the time that Christopher Reisinger joined the HABC Police Force on November 3, 1997, he was not commissioned as a police officer.  Lacking the required police powers, he was assigned to non-police (administrative) duties until he became a commissioned officer.  As a non-commissioned police employee with the HABC Police Force, he did not attend pre-shift roll calls.

44.  On  February 27, 1998, Plaintiff Christopher Reisinger took leave from HABC to attend the Prince George's County Police Academy in Largo, Maryland in order to obtain his commission.  He completed his training at that police academy on September 17, 1998 and earned his commission on that date.  Thus, he was not

working at HABC while attending the police academy from February 27, 1998

through September 17, 1998. Attached to this Affidavit, as **Exhibit BB,** is a true and

correct copy of the certification from the Maryland Police Training Commission

which states that Christopher Reisinger attended the Prince George's Police Academy

from February 27, 1998 to September 17, 1998 and that he successfully completed his

training.  This document is an official one kept by the HABC Police Force in its

ordinary course of business and operations.

45.  Since Plaintiff Christopher Reisinger did not join HABC until November 3, 1997,

and since he did not perform police duties until September 18, 1998, he did not attend

pre-shift roll calls between September 23, 1997 and December September 17, 1998.

Therefore, contrary to his claim, he was not perform 15 minute pre-shift roll calls

with HABC between November 3, 1997 and September 17, 1998.

46.  Plaintiff John Ross did not join HABC until April 20, 1998.  Since he was not

employed before that date, he did not attend any pre-shift roll calls between

September 23, 1997 and April 19, 1998.  Attached to this Affidavit as **Exhibit CC** is

a true and correct copy of John Ross' personnel action form, which confirms that

John Ross first became employed on April 20, 1998.  This form is an official HABC

personnel document, maintained by HABC in the regular course of its business and

affairs.

47.  At the time that John Ross joined the HABC Police Force on April 20, 1998, he was

not commissioned as a police officer.  Lacking the required police powers, he was

assigned to non-police (administrative) duties until he became a commissioned

officer.  As a non-commissioned police employee with the HABC Police Force, he did not attend pre-shift roll calls.

48.  On September 4, 1998, Plaintiff John Ross took leave from HABC to attend the Baltimore City Police Academy in order to obtain his commission.  He completed his training at the academy on February 26, 1999 and earned his commission on that date. Thus, he was not working at HABC while attending the police academy from September 4, 1998 through February 26, 1999. Attached to this Affidavit, as **Exhibit DD,** is a true and correct copy of the memo stating that John Ross would begin his training at the academy on September 4, 1998.  **Exhibit EE** are HABC time sheets that show that show that John Ross was attending the Police Academy through February 26, 1999, and that he did not return to work at HABC until March 1, 1999. These documents are maintained by the HABC Police Force in its ordinary course of business and operations.

49.  Since Plaintiff John Ross did not join HABC until April 20, 1998, and since he did not perform police duties through February 26, 1999, he did not attend pre-shift roll calls between September 23, 1997 and February 26, 1999.  Therefore, contrary to his claim, he was not required to report to work 15 minutes before the start of his shift to attend daily pre-shift roll calls between at any time prior to February 26, 1999.

50.  Thomas Rouch (Dobry) stopped coming to work at HABC on May 6, 2000. During his absence, he was granted FMLA leave from June 28, 2000 through November 12th, 2000.  After he returned to work on November 13, 2000, his attendance was sporadic. He then stopped coming to work altogether on January 19th, 2001 and did not work at any time after January 19, 2001.  He subsequently officially resigned his position at

HABC on January 20, 2002.  During his prolonged absence between May 6, 2000 and through November 12th, 2000, he did not perform work at HABC and obviously did not attend pre-shift roll calls.  Similarly, once he stopped coming to work at HABC on June 19th, 2001, he did not perform work or attend pre-shift roll calls at any time through the time he terminated his employment with HABC on January 20th, 2002.  Attached to this Affidavit as **Exhibits FF and GG** are notices to Officer Dobry informing him that his request for FMLA and his request for an extension for FMLA had been approved through November 12th, 2000.  **Exhibit HH** is a copy of the letter sent to Officer Dobry concerning his unauthorized absences beginning in May.  **Exhibit II** is a copy of the letter sent to Officer Rouch informing him that disciplinary measures will be instituted in regard to his unauthorized leave from January 24, 2001 through May 10, 2001.  **Exhibit JJ** is a true copy of the letter of resignation signed by Officer Rouch on January 29th, 2002.  These documents are maintained by the HABC Police Force in accordance with it business and operations.

51.  Plaintiff Elihu Rushdan did not join HABC until March 23, 1998.  Since he was not employed before this date, he did not perform any work at HABC until such time and is not owed overtime for any workweeks prior to March 23, 1998.  Attached to this Affidavit as **Exhibit KK**, is a true and accurate copy of the HABC personnel form which states that Elihu Rushdan did not become employed with HABC until March 23, 1998.  This form is an official personnel document maintained in the regular course of HABC's business and affairs.

52.  At the time that Plaintiff Rushdan joined the HABC Police Force on March 23, 1998, he was not commissioned as a police officer.  Lacking the required police powers, he

was assigned to non-police (administrative) duties until he became a commissioned

officer.  As a non-commissioned police employee with the HABC Police Force, he

did not attend pre-shift roll calls.

53.  On May 15, 1998, Plaintiff Elihu Rushdan took leave from HABC to attend the

Baltimore City Police Academy in order to obtain his commission as a police officer.

He completed his training at the academy on or about October 9, 1998 and earned his

commission a that time.  Thus, he was not working at HABC while attending the

police academy. Attached to this Affidavit, as **Exhibit LL** is a true and correct copy

of the memo stating that Elihu Rushdan would begin his training at the academy on

May 15, 1998.  His training at the police academy consisted of at least 21 weeks of

training. This document is maintained by the HABC Police Force in its ordinary

course of business and operations.

54.  Since Plaintiff Elihu Rushdan did not join HABC until March 23, 1998, and since he

did not perform police duties until after October 9, 1998, he did not attend pre-shift

roll calls between September 23, 1997 and October 9, 1998.  Therefore, contrary to

his claim, he was not required to report to work 15 minutes before the start of his shift

to attend daily pre-shift roll calls between September 23, 1997 and October 9, 1998.

55.  On July 20, 1998, Officer Donald Brooks was suspended from work without pay for

30 days.  He returned to work on August 19, 1998.  Consequently, from July 20, 1998

through August 18, 1998, Plaintiff Donald Brooks did not attend any pre-shift roll

calls because he was not working at HABC during his suspension.  Attached to this

Affidavit as **Exhibit MM** is a personnel order to Officer Brooks informing him that

he would begin serving his suspension on July 20, 1998 and would remain suspended

until August 18th, 1998.  This order is an official HABC Police Force document

maintained by the HABC Police Force in its ordinary course of business and affairs.

56.  On November 25, 1999, Officer Dean was involved in a police shooting and his

police powers were again suspended on November 29, 1999, pending an internal

investigation of the facts and circumstances surrounding the incident.  While his

police powers were suspended, he was again placed on administrative (non-police)

duties (Communications).  A copy of the order suspending his police powers on

November 29th, 1999, is attached to this Affidavit as **Exhibit NN.**  Officer Dean's

Police Powers were eventually reinstated on January 3, 2001.  He was then removed

from his administrative assignment and reassigned to police duties.  A copy of Officer

Dean's time sheets showing that January 2, 2001 was the last date of his

administrative assignment is attached to this Affidavit as **Exhibit OO.**  While Officer

Dean's police powers were suspended between November 29, 1999 and January 2,

2001, he did not attend any pre-shift roll calls and contrary to the allegations in his

Complaint he did not work overtime as a result of having attended pre-shift roll calls

during this time.

57. Between October 2, 2000 and November 26, 2000 (while he was serving his

administrative detail), Officer Dean took FMLA leave from HABC.  Obviously,

while he was away from HABC on Family leave, he did not incur any overtime.  A

copy of the memo from the Director of Human Resources granting Officer Dean

leave from October 2, 2000 through November 26, 2000 is attached to this Affidavit

as **Exhibit PP.**  Exhibits OO through SS are all true copies of documents maintained

by HABC in the ordinary course of its business and affairs.

18

58. As a result of internal charges instituted against Plaintiff Patrick Rogers, his police

powers were suspended on September 14, 2000 and he was assigned administrative

duties (communications) during the investigation of the charges.  He continued to

perform administrative duties without police powers throughout the duration of the

Complaint.  In June 2002, he agreed to serve a 30 day suspension from work and after

serving his suspension, his police powers were reinstated to him on July 31, 2002.

During the time that he was assigned to his administrative detail, (September 14,

2000 through July 31, 2002), he did not attend any pre-shift roll calls, and contrary to

the allegations in the Complaint, he did not incur overtime as a result of his attending

any pre-shift roll calls between September 14, 2000 and March 25, 2001.  A copy of

the Order suspending the police powers of Officer Rogers, effective September 14,

2000, is attached to this Affidavit as **Exhibit QQ.**  A copy of the notice suspending

Officer Rogers from work from July 1, through July 30 2002, is attached to this

Affidavit as **Exhibit RR.**

59. On February 6, 1998, Plaintiff Eric Slaughter was involved in a domestic altercation

and charges were brought against him.  On February 9, 1998, as a result of this

incident, his police powers were suspended and he was assigned to administrative

duties (communications).  A copy of the order suspending his police powers on

February 9, 1998 is attached to this Affidavit as **Exhibit SS.**  Three days later, on

February 12, 1998, Chief Bunch suspended him from work until March 17, 1998.  A

copy of the order suspending him from work on February 12, 1998 is attached to this

Affidavit as **Exhibit TT**.  Upon completion of his work suspension, he was

reassigned to administrative duties and his police powers remained suspended.  A

copy of the order assigning him to administrative duties is attached to this Affidavit

as **Exhibit UU**.  He continued performing administrative duties without his police

powers until June 11, 1998, at which time his police powers were reinstated.  A copy

of the notice reinstating his police powers is attached to this Affidavit as **Exhibit VV.**

Exhibits SS through VV are true copies of documents maintained by the HABC

Police Force in the ordinary course of its business and affairs.

**60.**  From February 9, 1998 through June 10, 1998, Plaintiff Slaughter did not participate

in any pre-shift roll calls because his police powers had been suspended and/or

because he was suspended from work during that time.  Consequently, he did not

incur any overtime between February 9, 1998 and June 10, 1998, as a result of his

having attended any pre-shift roll calls.


I declare under the penalty of perjury that the foregoing is true and correct.


|        s/s*                                           |        July 9, 2003        |

Hezekiah Bunch                                                Date
Chief of the HABC Police Force


*Counsel hereby certifies that he has a signed copy of the foregoing document available
for inspection at any time by the court or a party to this action.