IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID D. ADAMS, et al.,            *

    Plaintiffs            *

v.            *

                                  Civil Action No.: WMN-00CV2873

HOUSING AUTHORITY OF            *
    BALTIMORE CITY, et al.,
                               *

    Defendants
                               *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

MEMORANDUM IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT

David Adams, et al., by their attorneys, Michael Marshall and Schlachman, Belsky and Weiner, P.A., file this Memorandum in Opposition of Defendants' to Motion for Partial Summary Judgment .

I. SUMMARY OF THE CLAIMS MADE BY DEFENDANTS IN

THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

The Housing Authority of Baltimore City (hereinafter HABC) has moved for partial summary judgment for determinations that twenty three (23) HABC employees were not required to attend roll call for portions of time relevant to this lawsuit. HABC contends that because these plaintiffs were not working or not attending roll call, they would not be entitled to overtime compensation under Maryland Wage and Hour Law, Md. Code Ann., §§3-401, et. seq. Plaintiffs assert that the HABC employees who did attend a fifteen minute pre-shift roll call

1

each day and worked during their non-compensated 30 minute lunch break worked 41.25 hours per week and are entitled to overtime compensation under Maryland Wage and Hour Law.

The Defendants' Motion for Partial Summary Judgment specifies time periods that certain plaintiffs would be unable to receive overtime compensation because they were not attending roll call. Defendants state that the employees promoted to supervisory positions are ineligible for overtime compensation under Maryland Wage and Hour Law, Section 3-403(a)(1). The defendants allege that plaintiffs who were on administrative duty or attended a police academy were not attending pre-shift roll call and would not be entitled to compensation. The defendants specify that certain plaintiffs were not employed by HABC for time periods relevant to the lawsuit.

The plaintiffs' complaint submitted the original dates as generalizations and the dates were not intended to account for individual differentiations in the time worked by specific plaintiffs at HABC. The defendants could have requested admissions of fact to clarify these generalizations and the plaintiffs would have verified the accuracy of roll call attendance and time worked at HABC. The ruling on the defendants' first motion for summary judgment made the determination that supervisors would not be entitled to overtime compensation under Maryland Wage and Hour Law. The basis for this ruling was, either in whole or in part, the lack of information in affidavits of certain plaintiffs to refute the defendant's assertions. Four plaintiffs became supervisors during the time period covered in the complaint and this determination was not made at the time the plaintiffs calculated the relevant time period.

## II. FOUR PLAINTIFFS WERE PROMOTED TO A SUPERVISORY POSITION DURING RELEVANT TIME PERIODS

The ruling on the HABC's first motion for summary judgment determined that supervisors did not sufficiently rebut allegations by Chief Bunch that their positions were mostly supervisory. Six supervisors were dismissed from the lawsuit as a result of the first motion for summary judgment. It is unclear if they were dismissed because their affidavits failed to challenge affidavits by Chief Bunch and the remaining supervisors were not dismissed because their affidavits did sufficiently challenge the HABC's claims.  The first summary judgment decision does not dismiss supervisors Alistair Dais, Steven Evans, Gregory House and Delford Jimmerson. The four remaining supervisors were promoted to supervisory positions during the lawsuit and their affidavits stated what amount of time they spent supervising and doing the same activities as other officers, thereby refuting Chief Bunch's affidavit.  Plaintiffs do agree to the time periods alleged by the HABC that Alistair Dais, Steven Evans, Gregory House, and  Delford Jimmerson were promoted.

### III. NINE PLAINTIFFS ATTENDED A POLICE ACADEMY DURING RELEVANT TIME PERIODS

Plaintiffs agree that Derek Brooks,[1] Anthony Grant, Joseph Green, Roderick Jackson, Robert Jordan,[2] John Ross, Christopher Reisinger and Elihu Rushdan attended Police Academies sponsored by various Maryland Police Agencies for the time period stipulated by HABC. Chief Bunch states that these plaintiffs "took leave from HABC to attend police academy." See Second Supplemental Affidavit of Chief Hezekiah Bunch ¶ 21, 28, 30, 34, 38, 40, 44, 48, 53. These plaintiffs do clarify that they remained HABC employees during their time at the academy. Several of these Officers were also required to attend roll call. However, they did not have an interrupted lunch and therefore their roll call attendance would not place them into an overtime situation. Only Anthony Grant and Roderick Jackson[3] attended roll call and were unable to take a full lunch during their time at the police academy.

---

[1] The HABC alleged that Derek Brooks started on November 20, 1997. Timesheets detailing personal information about Officer Brooks state that his Entry on Duty (EOD) date was October 20, 1997. See Exhibit A. Because Officer Brooks did not attend roll call during this time, this conflict does not change the time period alleged by HABC.

[2] The HABC alleged that Robert Jordan started on July 27, 1998. Timesheets detailing personal information about Officer Jordan state that his Entry on Duty (EOD) date was October 20, 1997. See Exhibit B. Because Officer Jordan did not attend roll call during this time, this conflict does not change the time period alleged by HABC.

[3] In telephone conversations with Officer Grant and Officer Jackson they indicated to varying degrees that they had an interrupted lunch or were not able to take lunch. They also stated that they attended pre-shift roll call and required remedial training during their time at the academy. Remedial training was 2-3 days per week for 1-1.5 hours and was necessary to raise their performance level to pass the academy. Plaintiffs' Counsel has not obtained signed affidavits from them at this time, despite requests made to Officer Grant and Officer Jackson.

4

In telephone conversations with Norman Kenny, he disputed the time alleged by HABC that he attended the police academy. He indicated that he graduated in January 1998, not on April 26, 1998 as alleged by the HABC. Plaintiffs' counsel has not obtained a copy of his academy diploma at this time, despite requests made to Officer Kenny.

### III. TEN PLAINTIFFS DID NOT ATTEND ROLL CALL BECAUSE THEY WERE NOT EMPLOYED BY HABC OR WERE ASSIGNED ADMINISTRATIVE DUTIES

Plaintiffs agree that Trevor Britt, Johnnie Brown, Charles Earle, Jefferson Herriott,[4] Stanley McClean, Thomas Rouch left HABC for the period alleged by HABC. Plaintiffs agree that Donald Brooks, Kenneth Dean, Patrick Rogers, and Erich Slaughter were suspended and assigned to administrative duties for the time alleged by HABC.

### IV. CONCLUSION

Plaintiffs do not dispute that Derek Brooks, Joseph Green, Robert Jordan, John Ross, Christopher Reisinger, Elihu Rushdan, Trevor Britt, Johnnie Brown, Charles Earle, Jefferson Herriott, Stanley McClean, Thomas Rouch, Donald Brooks, Kenneth Dean, Patrick Rogers, and Erich Slaughter are not eligible to receive overtime compensation for the number of workweeks asserted by HABC. As to Plaintiffs Sergeant Alistair Dais, Sergeant Steven Evans, Sergeant Gregory House, and Sergeant Delford Jimmerson it is unclear whether they may be entitled to compensation for the time after they became supervisors or if they are only included in the

---

[4] Defendants refer to a plaintiff named Joseph Herriott in their Motion for Partial Summary Judgment. There is not a Joseph Herriott named in this complaint. There is a Jefferson Herriott, which the plaintiffs will assume was the person to whom the defendants were referring.

lawsuit for the portion of time before they were promoted. Plaintiffs do agree to the promotion dates alleged by HABC for Sergeant Dais, Sergeant Evans, Sergeant House, and Sergeant Jimmerson.

Plaintiffs do dispute the time period that Anthony Grant and Roderick Jackson may be eligible for overtime compensation. The HABC does not include the time period that they were at the academy. However, Officer Grant and Officer Jackson were not always able to take a full lunch, attended roll call and attended remedial training. Plaintiff Norman Kenny disputes the time he attended the academy. The contradicting evidence raises an issue of material fact that makes summary judgment on the time periods alleged by HABC inappropriate.

WHEREFORE, Plaintiffs request that HABC's Motion for Partial Summary Judgment be granted in part and denied in part.

                                                       /s/
                                    Michael Marshall
                                    Schlachman, Belsky & Weiner, P.A.
                                    20 S. Charles Street, 10th Floor
                                    Baltimore, Maryland 21201
                                    (410) 685-2022

                                    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of August, 2003 the foregoing Memorandum of Law in Support of Motion of Opposition to Motion for Partial Summary Judgment was sent to John R. Kaye, Esq., Senior Counsel, HABC/Office of Legal Affairs, 36 South Charles Street, Suite 1515, Baltimore, Maryland 21201.

                                                                        /s/
                                        Michael Marshall
Schlachman, Belsky & Weiner, P.A.
20 South Charles Street, 10th Floor
Baltimore, Maryland 21201
(410) 685-2022

Attorneys for Plaintiffs