```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

DAVID D. ADAMS, et al.            :
                                  :
v.                                :    Civil No. WMN-00-2873
                                  :
HOUSING AUTHORITY OF              :
BALTIMORE CITY, et al.            :

**MEMORANDUM**

Sixty-two police officers who now serve, or have previously served, as members of the Housing Authority of Baltimore City (HABC) Police Force, brought this action seeking overtime pay. The essence of the claim is that the combination of mandatory attendance at uncompensated pre-shift daily roll calls and the requirement that they work through their meal breaks resulted in their consistently working one hour and fifteen minutes of overtime each week.[1] In a previous Memorandum and Order issued earlier this year, the Court dismissed Plaintiffs' federal Fair Labor Standards Act claims and dismissed the claims of certain Plaintiffs altogether. With the issuance of that Memorandum and Order, only the Maryland Wage Act claims of forty-eight Plaintiffs remain.

---

[1] The details of Plaintiff's claims are set out fully in this Court's Memorandum opinion of March 31, 2003, and will not be repeated here.

Defendant has filed a motion for partial summary judgment, Paper No. 83, challenging the claims of 23 of the remaining Plaintiffs.  Defendant asserts that four of these Plaintiffs were supervisors (the Supervisor Plaintiffs) for at least a portion of the relevant time period[2] and thus were exempt from the state wage laws while serving in that capacity.[3]  Defendant asserts that fifteen of the Plaintiffs were not employed at HABC during significant periods within the relevant time period, or were attending the police academy and thus, were not attending roll call.[4]  Finally, Defendant asserts that four of the Plaintiffs were suspended during portions the relevant time period and therefore, attended no roll call and could not have incurred any overtime hours.[5]

---

[2] The Complaint was filed on September 22, 2000.  In light of the applicable three year statute of limitations, the first actionable date for the Complaint would be September 23, 1997.  It is undisputed that the HABC Police Force suspended pre-shift roll calls as of March 26, 2001.  Accordingly, the time period for which there is the potential for recovery is September 23, 1997 through March 26, 2001, or 182 workweeks.

[3] Those Plaintiffs are: Sergeant Alistair Dias, Sergeant Steven Evans, Sergeant Gregory House, and Sergeant Delford Jimmerson.

[4] Those Plaintiffs are: Trevor Britt, Derek Brooks, Johnnie Brown, Charles Earle, Anthony Grant, Joseph Green, Jefferson Herriott, Roderick Jackson, Robert Jordan, Norman Kenny, Stanley McLean, Christopher Reisinger, John Ross, Thomas Rouch (Dobry), and Elihu Rushdan.

[5] Those Plaintiffs are: Donald Brooks, Kenneth Dean, Patrick Rogers, and Eric Slaughter.

Defendant supports each of these assertions with the affidavit of Chief Hezekiah Bunch, as well as with other evidence.

Plaintiffs filed a response that generally concedes the accuracy of the facts and the validity of the arguments presented by Defendant.  Plaintiffs point to discrepancies in some specific dates, but acknowledge that these discrepancies make no difference in the computation of overtime hours worked.  See Opp. at 4 n.1 and n.2.  For three of the Plaintiffs, Plaintiffs' counsel alludes to telephone conversations that he had with those individuals in which they relayed facts that would be material to their potential overtime compensation calculations.  Counsel has been unable, however, to obtain affidavits from those Plaintiffs.  Counsel's unsworn hearsay statements included in the opposition do not create a material dispute of fact.

There are in the Court record, affidavits from two of the Supervisor Plaintiffs, Dias and Jimmerson, in which those Plaintiffs seek to minimize their roles as supervisors.  Exhs. 5D (Dias Aff.) and 10D (Jimmerson Aff.) to Paper No. 60 (Pls.' Opp. to original Mot. for Summary Judgement).  They mention that they spend time on the street with other police officers, do some of the same paperwork as other officers, and are unable to hire, fire, promote or demote other officers.  Dias

Aff. at ¶¶ 11, 12 and Jimmerson Aff. at ¶¶ 10, 11.  They acknowledge, though, that they can recommend discipline of other officers.  Dias Aff. at ¶ 12 and Jimmerson Aff. at ¶ 11.  Also in the record is Chief Bunch's Supplemental Affidavit in which he details the scope of these Plaintiffs' supervisory roles.  Bunch Supp. Aff. ¶¶ 6-17.  As Sergeants in the HABC Police Force, the Supervisor Plaintiffs: make and re-direct work assignments; monitor and manage the performance of other officers; review the daily reports and paper work of those under their command; sit on hiring panels; and represent the Police Force at public meetings.  Plaintiffs have not contradicted these representations.  The Court finds that Plaintiffs' ability to identify some limitations on their authority as supervisors does not render them non-exempt employees.

   Accordingly, the Court will grant Defendant's motion for partial summary judgment and limit the claims of the 23 Plaintiffs identified above in the manner specified in Defendant's motion.  The Court will also hold a conference with counsel on Wednesday January 7, 2004, at 9:30 a.m. in order to schedule further proceedings.  Counsel should contact my chambers immediately if that date and time is unworkable.

A separate order will issue.

/s/
_____
William M. Nickerson
Senior United States District Judge

Dated:, December 23, 2003